UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| E. BRENT BRYSON, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>DERMOT D. GIVENS, et al.,<br><br>  Defendants. | 2:10-CV-1760 JCM (LRL) |

**ORDER**

Presently before the court is plaintiffs E. Brent Bryson and E. Brent Bryson, Ltd.'s motion to remand and request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (Doc. # 9). Oppositions were due on November 27, 2010, yet defendants Dermot D. Givens, the Law Offices of Dermot D. Givens, Arthur L. Williams, and the Law Offices of Arthur L. Williams failed to file an opposition.

Pursuant to Nevada Local Rule 7-2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." As the defendants have not filed an opposition to this motion, they are essentially consenting to the remand. In addition to this, the motion to remand (doc. #9) has merit.

The complaint stems from a dispute among attorneys E. Brent Bryson, Dermot D. Givens, and Arthur L. Williams for fees resulting from a § 1983 civil rights claim that settled prior to trial. Plaintiffs from the underlying action were awarded and paid attorneys' fees and costs. As all three attorneys claimed a right to the fees pursuant to an agreement, the funds for attorneys' fees were

**James C. Mahan**
**U.S. District Judge**

placed in a separate bank account. Subsequently, plaintiffs filed a complaint seeking declaratory relief under Nev. Rev. Stat. 30.010 through Nev. Rev. Stat. 30.160, for a judicial determination of how to distribute the fees.

The plaintiffs served their complaint on defendants on March 14, 2010. Seven months later, on October 12, 2010, defendant Dermot D. Givens and the Law Offices of Dermot D. Givens (hereinafter "Givens") filed a petition for removal from the Eighth Judicial District Court. (Doc. #1). In the status report and statement regarding removal filed on October 30, 2010 (docs. #7 and #8), defendants Givens assert that defendant Arthur Williams is a "straw man defendant," and that they anticipate that plaintiff E. Brent Bryson will object to the removal.

In the present motion to remand (doc. #9), Bryson asserts that the case was improperly removed, and that remand is necessary. Bryson asserts (1) the court lacks subject matter jurisdiction, (2) Givens' removal request is untimely, and (3) all defendants in the action have not consented to the removal.

**Subject Matter Jurisdiction**

As set forth in 28 U.S.C. § 1441, defendants may remove a state court action to federal court if the federal court has original jurisdiction over the matter. Givens asserts that this action is appropriately removed due to federal question jurisdiction and diversity of citizenship.

**A. Federal Question Jurisdiction**

Original jurisdiction lies with a federal court when a case is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Givens appears to be arguing that the case involves a federal question because the underlying case was heard before a federal court. However, the present case involves an alleged agreement among the attorneys regarding the distribution of legal fees earned in the underlying case. The plaintiffs in the underlying case were awarded their attorneys' fees. The agreement with regards to these fees was never litigated in nor was it a part of the underlying case. The claims for relief brought by the plaintiffs for (1) declaratory relief under a Nevada statute, (2) breach of contract, and (3) breach of implied covenant of good faith and fair dealings under state law do not arise under the "Constitution, treaties, or laws

of the United States." 28 U.S.C. § 1441(b). Therefore, the present case does not warrant federal question jurisdiction.

**B. Diversity of Citizenship Jurisdiction**

Pursuant to 28 U.S.C. § 1332(a), original jurisdiction lies with the federal court if the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. Further, 28 U.S.C. § 1441(b) states that in diversity jurisdiction cases, the action is not removable to federal court if any of the "parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Here, as Givens concedes in their statement regarding removal (doc. #9), each party is a citizen of Nevada, and the case was brought in Nevada. Therefore, Givens cannot establish complete diversity of citizenship or satisfy the requirements of 28 U.S.C. § 1441(b). Remand is appropriate on these grounds.

**C. Williams Is Not A "Straw Man"**

Givens concedes that Williams is a Nevada resident, but asserts that diversity exists because Williams is a "straw man whose citizenship in Nevada is used in an attempt to destroy diversity." To prove fraudulent joinder, a party must demonstrate (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Hunter v. Philip Morris USA*, 582 F.3d 1043 (9th Cir. 2009).

Here, the agreement at issue is between all of the attorneys. Williams was named as a defendant pursuant to Nev. Rev. Stat. 30.130, which states that "all persons shall be made parties who have or claim any interest which would be affected by the declaration..." According to Givens' complaint filed in a California court, Givens admits that Williams is entitled to a portion of the fees, and that Williams participated as special counsel to the minor child in the underlying case. Thus, as plaintiffs' claim is for declaratory relief, Williams is required to be a party and cannot be considered a "straw man" for purposes of establishing diversity of citizenship.

**Untimely Removal**

Pursuant to 28 U.S.C. § 1446(b), removal must take place within thirty (30) days after "receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based..." As stated above, Givens waited seven (7) months before removing the action to this court. Further, Givens responded to the complaint, filed a counter-claim, and participated in discovery in state court. Thus, the removal was untimely.

Under 28 U.S.C. § 1446(b), if the case is not removable when served, the notice of removal is to be filed within thirty (30) days of defendant receiving any notice of a claim or circumstance that would make the case removable. As stated above, defendants Givens assert that defendants Williams are "straw man" defendants brought in the case to destroy diversity, and that jurisdiction based on diversity of citizenship exists. However, the court is not inclined to believe that Givens found out on September 12, 2010 (30 days prior to the removal), that Williams was a "straw man." The fact that Givens filed a California action prior to the thirty (30) day period in which he admitted that Williams was entitled to a portion of the attorneys' fees, supports this court's conclusion.

**Defendants Have Not Consented to the Removal**

For an action to be properly removed to federal court, 28 U.S.C. § 1446(a) requires that all defendants join in the removal. Here, defendants Williams did not consent to the removal, and defendants Givens do not assert that the defendants did. Rather, Givens asserts that Williams "has not responded to efforts to communicate and has not responded to discovery in the state action." Regardless, as defendants Williams did not consent to the removal as required by § 1446(a), the case should also be remanded on these grounds.

**Request for Attorneys' Fees and Costs**

A party may receive attorneys' fees and costs upon remand for any costs or fees associated with the removal. 28 U.S.C. § 1447(c). The court in *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005) held that "the standard for awarding fees should turn on the reasonableness of the removal." The plaintiffs assert that the award of fees is appropriate due to the unreasonableness of the removal.

Pursuant to Local Rules 54-16(b)(1) and (2), a party's motion for attorney's fees must include "[a] reasonable itemization and description of the work performed," and "[an itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through

**James C. Mahan**
**U.S. District Judge**

- 4 -

LR 54-15." Absent the inclusion of these itemizations, this court is not willing to grant the motion for attorney's fees at this time.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiffs E. Brent Bryson and E. Brent Bryson, Ltd.'s motion to remand and request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (doc. #9) be, and the same hereby is, GRANTED with regards to the motion to remand, and DENIED without prejudice with regards to the motion for attorneys' fees and costs.

DATED January 11, 2011.

_____
**UNITED STATES DISTRICT JUDGE**